Fuld, J.
(dissenting). A discussion of the meaning of “ obscene ” under section 1141 of our Penal Law (see People v. Richmond County News, 9 N Y 2d 578, 585-587) is unnecessary in this case, since in our judgment “ Tropic of Cancer ” finds protection under the minimal standards laid down by the United States Supreme Court under the First Amendment. Applying such standards, a book — which is to be judged in its entirety and not by focusing attention on particular words and passages contained in it — may be stamped as obscene, and beyond the pale of constitutional protection, only if it is ‘ ‘ utterly without redeeming social importance ’ ’ and only if its ‘ ‘ dominant theme ” is an appeal to “prurient interest ”. (See Roth *133 v. United States, 354 U. S. 476, 484, passim Times Film Corp. v. City of Chicago, 355 U. S. 35; One, Inc., v. Olesen, 355 U. S. 371; Sunshine Book Co. v. Summerfield, 355 U. S. 372; Manual Enterprises v. Day, 370 U. S. 478, 486-487, per Harlan, J.) On the other hand, ‘ ‘ If the material * * * has literary
value, if it is a serious work of literature or art, then it possesses redeeming social importance and obtains the benefit of the constitutional guarantees.” (Zeitlin v. Arnebergh, 59 Cal. 2d 901, 918; see, also, United States v. One Book Called Ulysses, 5 F. Supp. 182, affd. 72 F. 2d 706; Commonwealth v. Gordon, 66 Pa. Dist. & Co. B. 101, affd. sub nom. Commonwealth v. Feigenbaum, 166 Pa. Super. Ct. 120.)
Since ‘1 Tropic ” is a serious expression of views and reactions toward life, however alien they may be to the reader’s philosophy or experience, and since the book is not without literary importance as attested by recognized critics and scholars, the First Amendment does not permit its suppression.[1] And this, we note, is the conclusion recently reached by the high courts of California, Massachusetts and Wisconsin. (Zeitlin v. Arnebergh, 59 Cal. 2d 901, supra; Attorney General v. Book Named “Tropic of Cancer”, 345 Mass. 11; McCauley v. “ Tropic of Cancer ”, 20 Wis. 2d 134.) In short, the book before us, to cull from what we said in the Richmond County News case (9 N Y 2d 578, 588, supra), “ appraised * * * in the light of First Amendment concepts, may not be adjudged obscene without impairing the vital social interest in freedom of expression.”
The order of the Onondaga County Court reversing the convictions and dismissing the information should be affirmed.
Opinion by Judge Scileppi in which Chief Judge Desmond and Judges Burke and Foster concur; Chief Judge Desmond concurs in a separate opinion in which Judges Scileppi, Burke and Foster concur; Judges Dye and Fuld dissent in separate opinions in each of which the other concurs, Judge Van Voorhis concurring in both dissenting opinions.
Order reversed, etc.

. For an analysis and critique of the book, see discussion in Zeitlin v. Arnebergh (59 Cal. 2d 901, 921-922, supra).